# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER RYAN BLAIR, | No. 1:16-CV-3135-LRS |
| Plaintiff, | |
| vs. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA* |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment (ECF No. 13) and the Defendant's Motion For Summary Judgment (ECF No. 14).

## JURISDICTION

Christopher Ryan Blair, Plaintiff, applied for Title XVI Supplemental Security Income benefits (SSI) on January 20, 2013, on which date he was 34 years old. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing which was held on December 22, 2014 before Administrative Law Judge (ALJ) Stephanie Martz. Plaintiff testified at the hearing, as did Vocational Expert (VE) Leta Berkshire. On January 29, 2015 the ALJ issued a decision finding the Plaintiff not disabled. The Appeals Council denied a request for review of the ALJ's decision, making that decision the Commissioner's final decision subject to judicial review. The Commissioner's final decision is appealable to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 1**

## STATEMENT OF FACTS

The facts have been presented in the administrative transcript, the ALJ's decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At the time of the administrative hearing, Plaintiff was 36 years old. He has a high school education. He has past relevant work experience as a construction worker, roofer, carpet layer, demonstrator, material handler, kitchen helper, waiter, telephone solicitor, dining room attendant, survey worker, and appointment clerk.

## STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2**

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in: 1) finding Plaintiff did not suffer from a "severe" medically determinable impairment of bipolar disorder; 2) finding the Plaintiff to not be credible regarding his mental limitations; 3) improperly weighing the opinions of the medical sources; and 4) not offering specific and germane reasons for rejecting the opinions of lay witnesses.

## DISCUSSION
### SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering his age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if he is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 3**

416.920(a)(4)(i). If he is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether he is able to perform other work in the national economy in view of his age, education and work experience. 20 C.F.R. § 416.920(a)(4)(v).

      The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

///

///

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has "severe" medical impairments, those being: degenerative disc disease with disc protrusion, mood disorder, PTSD (Post-Traumatic Stress Disorder), anxiety disorder, personality disorder, and cannabis dependence; 2) Plaintiff's impairments do not meet or equal any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) in that he can lift and carry 20 pounds occasionally and 10 pounds frequently, can sit about six hours and stand and/or walk about six hours in an eight hour workday, and has unlimited ability to push and pull. He has the following non-exertional limitations: he can occasionally climb, stoop and crouch, and frequently balance, kneel and crawl; he can understand, remember and carry out simple routine tasks and should not work with the general public; he can have occasional contact with coworkers, but should not work independently and not on tandem tasks; he can have occasional contact with supervisors; and he needs a routine and predictable work environment; 4) Plaintiff's RFC precludes him from performing his past relevant work, but allows him to perform other jobs existing in significant numbers in the national economy as identified by the VE, including semi-conductor die loader, assembler, folder and production line solderer. Accordingly, the ALJ concluded the Plaintiff has not been disabled at any time since January 20, 2013, the date of his application for SSI benefits.

**BIPOLAR DISORDER/DEVELOPMENT OF RECORD**

Plaintiff contends the ALJ erred in characterizing his bipolar disorder as a generic "mood disorder." According to Plaintiff, this was a harmful error because the ALJ "improperly assessed the evidence of fluctuating symptoms as inconsistencies and contradictions, rather than features of [Plaintiff's] mental illness."

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

1    Plaintiff was involuntarily psychiatrically hospitalized in December 2012 and
2 after his discharge, he started treatment with Central Washington Comprehensive
3 Mental Health (CWCMH). (AR at p. 431). His initial assessment at CWCMH
4 resulted in diagnoses of "Schizoaffective disorder, bipolar type," "Posttraumatic
5 stress disorder," and "Cannabis dependence." (AR at p. 432).

6    On January 16, 2013, Plaintiff was psychologically evaluated by Aaron R.
7 Burdge, Ph.D., in conjunction with his application for disability benefits from the
8 Washington Department of Social and Health Services (DSHS). Based on test results
9 (Trail Making and Personality Assessment Inventory), Dr. Burdge stated:

> With respect to negative impression management, there are indications that [Plaintiff] consistently endorsed items that portray himself in an especially negative or pathological manner. Some deliberate distortion of the clinical picture may be present; the critical items should be reviewed to evaluate the possibility of malingering. Regardless of the cause, the test results potentially involve considerable distortion and are unlikely to be an accurate reflection of his objective clinical status- the attached interpretation is provided only as an indication of [Plaintiff's] self-description.

(AR at p. 389).

Dr. Burdge noted that Plaintiff reported auditory and tactile hallucinations, but he "[d]id not appear to be suffering from a severe mental illness." (AR at p. 389). He diagnosed cannabis dependence and cocaine dependence, and "rule out" diagnoses of cannabis-induced psychotic disorder with hallucination, cocaine-induced psychotic disorder with hallucination, schizophrenia (paranoid type), and malingering. (AR at p. 389).[1] He also diagnosed an antisocial personality disorder. (AR at p. 389). The only significant limitation he indicated was the Plaintiff's ability

---

[1] A "rule out" diagnosis means there is uncertainty about the diagnosis and although there is evidence that the criteria for the diagnosis may be met, more information is needed to rule it out. *Burleson v. Astrue*, 2012 WL 195022 (W.D. Wash. 2012) at *5, n. 2.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 6**

to maintain appropriate behavior in a work setting which he deemed a "moderate" limitation. (AR at p. 390). Among Dr. Burdge's treatment recommendations was that Plaintiff undergo a psychiatric evaluation. (AR at p. 390).

Plaintiff was thereafter consistently treated at CWCMH until his next psychological evaluation by R.A. Cline, Psy.D., in November 2014. Although Plaintiff received diagnoses from CWCMH, including diagnoses of schizoaffective disorder and bipolar disorder, (e.g. AR at pp. 442, 458, 466 and 472 ), those diagnoses were not from "acceptable" medical sources. Nurse practitioners, physicians' assistants, and therapists (physical and mental health) are not "acceptable medical sources" for the purpose of establishing if a claimant has a medically determinable impairment. 20 C.F.R. § 416.913(a).[2]

As part of her evaluation for DSHS, Dr, Cline reviewed the prior evaluation of Dr. Burdge. (AR at p. 596). Dr. Cline diagnosed "Schizoaffective disorder, bipolar type (provisional)," "PTSD, chronic," and "Anxiety Disorder NOS [Not Otherwise Specified] with features of panic disorder." (AR at p. 598). In addition her mental status examination of the Plaintiff, Dr. Cline had the Plaintiff complete a Rey 15 Item Memory Test, a Beck Anxiety Inventory (BAI) test, and a Beck Depression Inventory test (BDI-II). According to Dr. Cline:

///
///
///
///
///

---

[2] Their opinions are, however, relevant to show the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. § 416.913(d).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 7**

> His score of 15 on the Rey indicates excellent effort and cooperation with the task and minimizes the likelihood that he is malingering at this time.[3] His score of 50 on the BAI is quite high, out of a potential 63, but claimant notes that this has been a particularly difficult week with an extended and unusual panic episode, so this may over represent his usual level of anxiety at this time. His score of 51 on the BDI-II is also quite high and may represent some level of over reporting as it falls above the cutoff for the 'severe' range of depression, As malingering has effectively been ruled out though, it does give an indication of this claimant's current level of distress.

(AR at p. 598).

Dr. Cline indicated that Plaintiff's depressed mood was "marked" in that Plaintiff endorsed "depressed mood, suicidal ideation, decreased appetite, poor concentration, and social withdrawal." (AR at p. 598). Plaintiff reported to Dr. Cline that there were periods of time when his mood symptoms were absent, but that he continued to experience psychotic symptoms. (AR at p. 596). Dr. Cline thought this seemed to indicate the presence of schizoaffective disorder "which would better account for all of his symptoms." (AR at p. 596).[4] He further indicated that

---

[3] A score of 15 means the Plaintiff was able to recall 15 of 15 items displayed on the test. An apparently normal patient who cannot recall at least 9 of 15 items may well be malingering (though further evaluation for cognitive impairment may be warranted). Spreen O and Strauss E, *A Compendium of Neuropsychological Tests*, 2nd Ed. *Oxford U. Press* 1998.

[4] Schizoaffective disorder is a chronic mental health condition characterized primarily by symptoms of schizophrenia, such as hallucinations or delusions, and symptoms of a mood disorder, such as mania and depression. Schizoaffective disorder can be difficult to diagnose because it has symptoms of both schizophrenia and either depression or bipolar disorder. https://www.nami.org/Learn-More/Mental-Health-Conditions/Schizoaffective-Disorder.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

Plaintiff's trauma related symptoms were "marked" in that he endorsed symptoms consistent with a diagnosis of PTSD. He indicated that Plaintiff's anxiety/panic was "moderate" in that Plaintiff's anxiety symptoms had decreased over the last year and the Plaintiff had fewer panic attacks. (AR at p. 598).

Dr. Cline opined that Plaintiff had "marked" limitations in his abilities to communicate and perform effectively in a work setting, to complete a normal work day and work week without interruptions from psychologically based symptoms, and to maintain appropriate behavior in a work setting. (AR at p. 599). He opined that Plaintiff had "moderate" limitations in his abilities to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; be aware of normal hazards and take appropriate precautions; ask simple questions or request assistance; and set realistic goals and plan independently. (AR at p. 599).

By using the term "provisional," Dr. Cline meant that he did not have enough information to make a firm diagnosis of schizoaffective disorder, but presumed that the full criteria for that disorder would ultimately be met. Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (2013) ("DSM-V") at p. 23. A "provisional" diagnosis, therefore, constitutes much more than mere equivocation or speculation. It also has a degree of certainty, unlike the "rule out" diagnoses suggested by Dr. Burdge. Those "rule out" diagnoses are inherently uncertain. Indeed, because of their uncertainty, they are not really diagnoses at all.[5] Therefore,

---

[5] There is no "rule out" modifier in DSM nomenclature. A diagnosis is a declarative statement, whereas using a "rule out" modifier changes a declarative statement into an intended future action.

https://sites.google.com/a/iconopsych.com/psychlopedia-com/rule-out

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

a schizoaffective disorder may well explain some of the inconsistencies reported by the Plaintiff regarding the severity of his mental health symptoms which the ALJ cited as a reason for discounting his credibility. (AR at pp. 26-27).

The ALJ has a basic duty to inform herself about facts relevant to her decision. *Heckler v. Campbell*, 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952 (1983). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The duty is triggered by ambiguous or inadequate evidence in the record and a specific finding of ambiguity or inadequacy by the ALJ is not necessary. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

An ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), citing S.S.R. No. 85-28 (1985). Here, the record contains ambiguous and inadequate evidence concerning whether the Plaintiff in fact suffers from a "severe" medically determinable schizoaffective disorder.[6] Even Dr. Burdge recognized this and recommended Plaintiff undergo a psychiatric evaluation in an attempt to better ascertain the nature of Plaintiff's mental condition and resulting limitations. Further development of the record is important because whether Plaintiff suffers from a

---

[6] A "severe" impairment is one which significantly limits physical or mental ability to do basic work-related activities. 20 C.F.R. § 416.920(c). It must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. It must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not just the claimant's statement of symptoms. 20 C.F.R. § 416.908.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

schizoaffective disorder has a material bearing on assessment of the medical opinions and Plaintiff's credibility concerning his mental health limitations.[7]

This matter will be remanded to Commissioner for further development of the record, specifically to include a consultative psychiatric evaluation of the Plaintiff (as recommended by Dr. Burdge) addressing whether Plaintiff suffers from a schizoaffective disorder and, as may be warranted in the ALJ's discretion, an additional hearing to take testimony from a mental health medical expert and further testimony from the Plaintiff and a vocational expert. As should be apparent, pending further development of the record, the court cannot address other issues raised by the Plaintiff regarding credibility, medical opinions and lay testimony. Nor will the court, at this time, address issues related to Plaintiff's physical RFC.

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 13) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 14) is **DENIED**. The Commissioner's decision is **REVERSED** and pursuant to sentence four of 42 U.S.C. §405(g), this matter is **REMANDED** to the Commissioner for additional proceedings and findings consistent with this order. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this   31st   day of July, 2017.

*s/Lonny R. Suko*
LONNY R. SUKO
Senior United States District Judge

---

[7] This is not to suggest that a diagnosis of schizoaffective disorder resolves all credibility issues in Plaintiff's favor. In her credibility analysis, the ALJ identified factors which may not depend on the existence of such a diagnosis.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 11**